[Civ. No. 50900. First Dist., Div. Four. Dec. 14, 1983.]

TERRIE R. NELSON, Plaintiff and Appellant, v.
A. H. ROBINS COMPANY, Defendant and Respondent.

**COUNSEL**

Anthony J. Klein, John C. Hall, Di Giorgio, Davis, Klein, Wegis, Duggan & Friedman for Plaintiff and Appellant.

Jerome M. Varanini, Betty Wolfe, Memering & DeMers, Honer, Varanini, Hurst & Crowle, Klein & De Vries, Gudmundson, Siggins & Stone and Sedgwick, Detert, Moran & Arnold for Defendant and Respondent.

OPINION

CALDECOTT, P. J.—Terrie R. Nelson (hereafter plaintiff or appellant) appeals from a judgment dismissing her action against defendant A. H. Robins Company (Robins) pursuant to Code of Civil Procedure[1] section 581a.

On April 22, 1975, plaintiff filed a personal injury action against the Sonoma County Family Planning Clinic (Family Clinic) as a named defendant and Does I through V. The complaint alleged that on or about April 25, 1974, plaintiff attended the Family Clinic for medical treatment; that on said day a physician employed by the Family Clinic inserted an intrauterine device (IUD) into her womb as a part of the treatment; that the physician failed to use reasonable care and skill in carrying out the treatment; and that as a result of the physician's negligence plaintiff suffered bodily injuries.

On August 30, 1978, plaintiff moved to amend the complaint. After hearing the legal arguments of the parties, the trial court granted the motion on September 26, 1978. The first amended complaint filed on October 18, 1978, substituted three named defendants: A. H. Robins Company, the manufacturer of the device, Hugh J. Davis, M.D., a medical consultant, and Irwin S. Lerner, the inventor, for Does I through III; alleged six causes of action based on negligence, product liability, fraud and conspiracy against the newly named defendants; and realleged the negligence cause of action against the Family Clinic.

Since the amended complaint was served on Robins on October 5, 1979, more than three years after the commencement of the action, on November 2, 1979, Robins moved to dismiss the action under section 581a, subdivision (a). On February 27, 1980, the trial court granted the motion and dismissed the action against Robins by finding that Robins brought itself within the provisions of section 581a, subdivision (a). The appeal is from the judgment of dismissal.

■ Appellant's principal contention on appeal is that the trial court prejudicially erred in dismissing the action against Robins pursuant to section 581a, subdivision (a). More precisely, appellant argues that the naming of Robins and the two other defendants in the amended complaint was, in fact, an addition of new parties rather than a substitution for fictitious Does and that as a consequence the three-year statutory period began to run with the filing of the amended complaint. (*Warren* v. *Atchison, T. & S. F. Ry.*

---

[1]Unless otherwise indicated, all further statutory references will be made to the Code of Civil Procedure.

*Co.* (1971) 19 Cal.App.3d 24 [96 Cal.Rptr. 317].) In the alternative, appellant maintains that the three-year period should be counted from the filing date of the amended rather than the original complaint for the additional reason that the amended complaint was predicated on a different general set of facts barring the effect of the relation-back doctrine. (*Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942 [154 Cal.Rptr. 472]; *Elling Corp.* v. *Superior Court* (1975) 48 Cal.App.3d 89 [123 Cal.Rptr. 734].) As the ensuing discussion shall demonstrate, neither of these contentions is well taken.

The pertinent statute, section 581a, subdivision (a), provides in part that: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."[2]

As has been repeatedly emphasized, with respect to a party named in the original complaint the action commences for the purposes of section 581a, subdivision (a), on the date of the filing of the complaint. The same rule applies also in a case where the defendant was named in the original complaint by fictitious name. However, when a new party is added to the action, the action commences as to him on the date of the order adding him as a party or on the date of filing of the pleading naming him as a new party. (*Washington* v. *Nelson* (1979) 100 Cal.App.3d 47, 50 [160 Cal.Rptr. 644]; *Warren* v. *Atchison, T. & S. F. Ry. Co.*, *supra*, 19 Cal.App.3d 24 at p. 38; *J. A. Thompson & Sons, Inc.* v. *Superior Court* (1963) 215 Cal.App.2d 719, 722 [30 Cal.Rptr. 471].)

Since in the case at bench Robins was served with the summons and the copy of the amended complaint on October 5, 1979, well within the three years from the filing of the amended complaint, but beyond the time span allowed by section 581a, subdivision (a), if the commencement of the action was to be counted from the filing of the original complaint, the crucial issue arises whether the naming of the three new defendants (including Robins) in the amended complaint was merely a substitution for Does or adding new parties to the action.

---

[2]A stipulation was not filed in this case.

The examination of the record as a whole leaves no doubt that in the case at bench the new defendants were named in the amended complaint in lieu of the fictitious Does and that as a result the commencement of the action related back against them to the time of the filing of the original complaint. To start with, the substitution paragraph of the amended complaint reads as follows: "Plaintiff was ignorant of the true names and capacities of the defendants named in the original complaint as DOES I through III. The true names of DOES I, II and III have been discovered to be A. H. Robins Company, Hugh J. Davis, M. D. and Irwin S. Lerner. These three defendants will be designated hereinafter as A. H. ROBINS COMPANY, HUGH J. DAVIS, M. D. and IRWIN S. LERNER."

Moreover, in her moving papers appellant made repeated efforts to convince the court that despite the fact that the injury had occurred in April 1974, the amendments to the complaint were not barred by the statute of limitations because there was only a substitution of the previously designated Doe defendants which related back to the time of filing the original complaint. Appellant in her memorandum of points and authorities in support of her motion cites section 474 (suing a party by fictitious name) three times. The memorandum further states: "The modern rule, where amendment is sought after the statute of limitations has run, is that the amended complaint will be deemed filed as of the date of the original complaint so long as recovery is sought in each complaint upon the same general set of facts. (Citations.)" "A mere change in legal theory will not subject the amended complaint to the bar of the statute of limitations." Also the affidavit of appellant's counsel in support of the motion states: "Upon ascertaining the involvement of defendants A. H. ROBINS, HUGH J. DAVIS, and IRWIN S. LERNER, plaintiff makes this motion to substitute their true names for their former names of DOES I, II and III. Attached hereto and made a part hereof is the Proposed First Amended Complaint for Damages. Therein, DOE I has been designated as A. H. ROBINS COMPANY, DOE II has been designated HUGH J. DAVIS, M. D., and DOE III has been designated as IRWIN S. LERNER . . . . [¶] Plaintiff has attached hereto a Memorandum of Points and Authorities in support of her motion to specifically bring to the Court's attention Code of Civil Procedure § 474 which is to protect plaintiffs under just such circumstances as are presented herein." Indeed, but for the adoption of this argument, the cause would have been barred by the statute of limitations.

Appellant's alternative argument that even if Robins was substituted for a Doe defendant the dismissal of action was improper because the amended complaint was based upon a different general set of facts barring the relation-back doctrine (*Munoz* v. *Purdy, supra,* 91 Cal.App.3d 942 at p. 946; *Elling Corp.* v. *Superior Court, supra,* 48 Cal.App.3d 89 at pp. 94-95) must

be rejected for three reasons. ■ One, in determining whether a new cause of action rests upon the same general set of facts the primary attention must be focused on whether the new pleading involves the same accident (injury) and the same offending instrumentality (*Coronet Manufacturing Co. v. Superior Court* (1979) 90 Cal.App.3d 342, 345-347 [153 Cal.Rptr. 366]). ■ While in the amended complaint appellant alleged a number of the new legal theories (breach of implied and express warranty, product liability, fraud, conspiracy, etc.) in ultimate analysis she sought recovery for the same injury caused by the same offending instrumentality, i.e., the allegedly harmful IUD. It follows that the new causes of action covered in the amended complaint were predicated upon the same general set of facts as the one utilized in the original complaint. Two, the record is indicative that in her motion to amend the complaint appellant herself took the position that the proposed amended complaint rested on the same general set of facts as the original complaint and that as a consequence the causes of action in the amended pleading were not barred by the statute of limitations. Three, had the amended complaint rested on a different general set of facts from that of the original complaint, the leave to file the amended complaint would have been clearly improper inasmuch as the new causes of action would have been barred by the applicable statute of limitations.

As Robins was not served within three years of the commencement of the action, section 581a, subdivision (a), is applicable. This raises two questions: (1) whether *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829] is applicable even though it was decided after the present case was tried, and (2) whether the 1982 amendment of 581a, effective January 1, 1983, is retroactive and thus controlling.

■ The *Hocharian* court first pointed out that as early as 1920 the appellate courts had recognized that the doctrine of "reasonable diligence" applied in the consideration of motions for dismissal pursuant to section 581a (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714 at pp. 719-720 [quoting *People* v. *Kings County Dev. Co.* (1920) 48 Cal.App. 72, 76 (191 P. 1004)]), and that this "concept" had been "reiterated" in a 1968 decision. (28 Cal.3d at p. 720.) The court concluded that "the idea of *reasonable diligence* has been the cornerstone of analysis of section 581a." (*Ibid.*) The court further observed that case law had developed certain " 'implied exceptions' to section 581a's rule of mandatory dismissal" which were "to be applied in the trial court's discretion . . .," and that it was "necessary to articulate some general guidelines for the exercise of this discretion . . . consistent with the underlying statutory intent." (28 Cal.3d at p. 721.) The court then prescribed the "guidelines" (*id.,* at pp. 722-725), but it did not establish new law or change existing law. In the first instance, therefore, *Hocharian* applies to appeals (including this one) which were pending when

it was decided. (See *Mark* v. *Pacific Gas & Electric Co.* (1972) 7 Cal.3d 170, 177-178 [101 Cal.Rptr. 908, 496 P.2d 1276] [quoting *Beard* v. *Atchison, Topeka & Santa Fe Ry. Co.* (1970) 4 Cal.App.3d 129, 135 (84 Cal.Rptr. 449)].)

■ The *Hocharian* court held as follows: "The statute [section 581a] sets forth the three-year limitation period which must be complied with unless plaintiff shows that the greater-than-three-year delay was not due to his or her unreasonable conduct. Thus in effect, the statute operates as a rebuttable presumption: if plaintiff fails to serve and return summons on a defendant within three years of the commencement of the action, plaintiff may be presumed to have failed to use reasonable diligence. This presumption may be overcome by plaintiff, who bears the burden of proving that he falls within an implied exception to section 581a. . . . In the present case, [Hocharian] the trial court denied petitioner's motion to dismiss without any factual finding as to the nature of the plaintiff's conduct. Since the record before this court is inadequate to allow such a finding, and in view of the previous lack of any articulated standards to guide the trial court in exercising its discretion, a writ must issue to compel the trial court to hold a hearing on the issue of reasonable diligence. . . . [¶] . . . Thus, even in a situation where plaintiff has demonstrated reasonable diligence at every stage of the lawsuit, a delay in serving summons may result in substantial prejudice to a defendant. If this delay exceeds the three-year statutory limit, the court must at least consider the issue of prejudice in deciding whether or not to dismiss the defendant from the lawsuit. . . . [¶] The decision whether or not to dismiss must be based on a balancing of the harm to the plaintiff if the motion is granted against the prejudice to the defendant if he is forced to defend the suit. As long as the court engages in this balancing process, its decision should not be disturbed on appeal absent an abuse of discretion. (See *Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566 [86 Cal.Rptr. 65, 468 P.2d 193].)" (*Hocharian* at pp. 722-725; fns. omitted.) Thus, in the light of *Hocharian,* unless the 1982 amendment is retroactive, this cause must be remanded to the trial court for hearing on the issues of reasonable diligence and, if necessary, prejudice to defendant.

Section 581a was amended in 1982 (effective Jan. 1, 1983) by adding to it subdivision (f) which provides as follows:

"(f) Except as provided in this section, the provisions of this section are mandatory and are not excusable, and the times within which acts are to be done are jurisdictional. Compliance may be excused only for either of the following reasons:

"(1) Where the defendant or cross-defendant is estopped to complain.

"(2) Where it would be impossible, impracticable, or futile to comply due to causes beyond a party's control. However, failure to discover relevant facts or evidence shall not excuse compliance."

The amendment clearly provides that the provisions of the section are mandatory and not excusable and that the periods of time are jurisdictional unless excused for either of the two reasons specified. Thus the concept of "reasonable diligence" is not applicable under the amendment. We now reach the question whether the 1982 enactment is to be applied retroactively from its effective date of January 1, 1983.

■ There is no language in the enactment declaring or implying that it should operate retroactively. (See Stats. 1982, ch. 600, § 1, p. 2574.) The Legislative Counsel's digest of the bill which produced it, other legislative sources, and contemporaneous commentaries are similarly silent on the subject. (See Leg. Counsel's Dig. of Sen. Bill No. 1150 (1982 Reg. Sess.); see also, e.g., Consultant's Rep. on Sen. Bill No. 1150, Assem. Com. on Judiciary (August 4, 1982); *Review of Selected 1982 Cal. Legislation* (1983) 14 Pacific L.J. 357, 509-510.) The silence of the enactment is an authoritative indication that the Legislature intended it to have prospective application only. (See *DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 172-174 [18 Cal.Rptr. 369, 367 P.2d 865]; *Montecito Co. Water Dist.* v. *Doulton* (1924) 193 Cal. 398, 403 [224 P. 747]; *Ponce* v. *Graceous Navigation, Inc.* (1981) 126 Cal.App.3d 823, 827 [179 Cal.Rptr. 164]; *Roten-Oeschger* v. *Flournoy* (1977) 72 Cal.App.3d 254, 259 [139 Cal.Rptr. 731].) An explicit rule calling for this construction of section 581a, as amended, appears in a section of the Code of Civil Procedure which provides that "[n]o part of it is retroactive, *unless expressly so declared.*" (§ 3, italics added.)

■ There is authority suggesting that rules against retroactive construction should not be applied to statutes which may be defined as "procedural." (See *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393-394 [182 P.2d 159]; see also *Pacific Coast Medical Enterprises* v. *Department of Benefit Payments* (1983) 140 Cal.App.3d 197, 204-205 [189 Cal.Rptr. 558].) The 1982 enactment which amended section 581a meets this definition because it neither created a new cause of action nor eliminated a defense. (See *Pacific Coast Medical Enterprises* v. *Department of Benefit Payments, supra,* at p. 205; *Strauch* v. *Superior Court* (1980) 107 Cal.App.3d 45, 49 [165 Cal.Rptr. 552].) With regard to retroactivity, however, the Supreme Court has pointed out that the "distinction between purely 'procedural' and purely 'substantive' legislation . . . relates not so much to the form of the statute as to its effects. If substantial changes are made, even in a statute which might ordinarily be classified as procedural, the

operation on existing rights would be retroactive because the *legal effects of past events would be changed,* and the statute will be construed to operate only in futuro unless the legislative intent to the contrary clearly appears. [Citations.]" (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com., supra,* at p. 394, italics added.)

 Commencing in February 1980 plaintiff was entitled to relief from the trial court's error in failing to conduct a *"Hocharian* hearing" on the motion by Robins for an order dismissing the action pursuant to section 581a, subdivision (a). For purposes pertaining to the construction of the 1982 enactment which amended the statute, the error was a "past event" because it preceded the effective date of the enactment by almost three years. In the absence of a provision in the enactment expressly declaring or implying that it was to be given retroactive effect, it may not be construed in such manner that "the legal effects of past events would be changed." (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.,* quoted *supra,* 30 Cal.2d 388 at p. 394.) *Hocharian* therefore controls on this appeal notwithstanding the amendment of section 581a effective January 1, 1983.

The judgment of dismissal is reversed. The cause is remanded to the trial court with directions to conduct a hearing, and to proceed accordingly, consistent with the views expressed in this opinion.

Rattigan, J., and Poché, J., concurred.