[L.A. No. 31939. July 29, 1985.]

CHERYL BARRINGTON, Plaintiff and Appellant, v.
A. H. ROBINS COMPANY, Defendant and Respondent.

148

## COUNSEL

Panther, Pines, McCann & Goldstein, Michael T. Pines, C. Daniel Carroll and Michael Goldstein for Plaintiff and Appellant.

Paul H. Cyril, Elliot L. Bien, Barbara J. Paulson and Bronson, Bronson & McKinnon for Defendant and Respondent.

## OPINION

**BROUSSARD, J.**—This is an appeal from a dismissal of an action for failure to serve summons and complaint within three years. The issue presented on appeal—one of first impression—is whether a complaint amended to charge a Doe defendant with a new cause of action arising from different operative facts must be served within three years of the original filing.

### I

Petitioner Cheryl Barrington filed suit on July 3, 1979, alleging causes of action against Dr. Taras, Darvon Manufacturer, and Does 1 through 40 for medical malpractice and the negligent failure to warn of the dangers involved in taking a drug.

In October 1979, petitioner substituted A. H. Robins Company (Robins) for Doe 40. On February 29, 1980, she filed a first amended complaint, which added a new cause of action only as against Robins.[1] This new cause of action alleged that the instrumentality causing the injury was a defective "Dalkon Shield" intrauterine device, manufactured by Robins.

Service and return of the summons and amended complaint on Robins was not made until July 19, 1982—two years and six months after the filing of the amended complaint, but three years and seven weeks after the filing of the original complaint.[2] Petitioner offered no explanation for the delay. Robins' motion to dismiss the action under Code of Civil Procedure section 581a,[3] was granted; the trial court held that a Doe defendant must be served

---

[1]The amended complaint also contained a new cause of action as against all defendants for breach of warranty in connection with the drug Darvon. The dismissal of this cause of action is not contested.

[2]The original summons and complaint were never served on any of the defendants.

[3]Former section 581a, subdivision (a) pertinently provided: "No action heretofore or hereafter commenced by complaint shall be further prosecuted . . . unless the summons on the complaint is served and return made *within three years after the commencement of the action. . . .*" (Italics added.) All statutory references are to the Code of Civil Procedure.

with process within three years of the original commencement of the suit. For the reasons stated below, however, we conclude that the amended complaint was improperly dismissed. The order of dismissal must be reversed.

## II

■ Defendant relies on the general rule that "with respect to a party named in the original complaint the action commences for the purpose of section 581a, subdivision (a), on the date of filing of the complaint. The same rule applies also in a case where the defendant was named in the original complaint by fictitious name. However, when a new party is added to the action, the action commences as to him on the date of the order adding him as a party or on the date of filing of the pleading naming him as a new party." (*Nelson* v. *A. H. Robins Co.* (1983) 149 Cal.App.3d 862, 866 [197 Cal.Rptr. 179].) ■ Since defendant was a party to the original complaint, albeit under a fictitious name, defendant contends that the three-year period for service upon it commenced with the filing of the complaint.

Plaintiff, on the other hand, urges us to apply section 581a in light of the "relation-back" doctrine used in construing similar statutes. Under this doctrine, if a cause of action in an amended complaint does *not* relate back to the original complaint as to this cause of action, the three-year period under section 581a would commence to run from the filing of the amended complaint. Petitioner concedes that the first three causes of action in her amended complaint relate back, and therefore were properly dismissed. She asserts, however, that the fourth, the "Dalkon Shield" cause of action, does not relate back since it was based on a different set of operative facts and involved a different "instrumentality" and "accident" from the first three causes of action.

The relation-back doctrine has been used to determine the time of commencement of an action for the purpose of the statute of limitations. ■ Normally, the statute of limitations commences to run regardless of the injured party's ignorance of his or her cause of action. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 368, p. 2030.) ■ In *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], we held that an amended complaint is not barred by the statute of limitations, even though it substitutes a named party for a fictitious defendant, if the amended complaint relates back to a timely original complaint. Reasoning that the defendant was not prejudiced by the filing of an amendment after the statutory period had elapsed, we observed that "a defendant unaware of the suit against him by a fictitious name is in no worse position if, in addition to sustituting his true name, the amendment makes other changes in the allegations on the basis of the same general set

of facts. . . ." (*Id.*, at p. 602.) Conversely, "a plaintiff who did not know of the true name at the time the original complaint was filed . . . has at least as great a need for the liberality of amendment . . . as a plaintiff who knew the defendant's name throughout, and he should not be penalized merely because he was compelled to resort to his statutory right of using a fictitious name." (*Id.*, at p. 603.)

We later traced the evolution of the relation back doctrine in *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121], and formulated a general rule: An amended complaint relates back to the original complaint, and thus avoids the statute of limitations as a bar against named parties substituted for fictitious defendants, if it: (1) rests on the same general set of facts as the original complaint; and (2) refers to the same accident and same injuries as the original complaint. (*Id.*, at pp. 936-937.)

Plaintiff's contention that the Dalkon Shield cause of action does not relate back is supported by *Coronet Manufacturing Co.* v. *Superior Court* (1979) 90 Cal.App.3d 342 [153 Cal.Rptr. 366]. In *Coronet,* the original complaint in an action for wrongful death alleged that plaintiffs' daughter was electrocuted while using a dangerous instrumentality—a defective hair dryer. The defendants were the corporation that manufactured the hair dryer and a number of Doe component suppliers. The amended complaint, which identified Coronet for the first time as one of the Doe component suppliers, was filed after the statute of limitation had run as to the original complaint. The amended complaint, however, alleged that the dangerous instrumentality was a lamp socket and switch manufactured by Coronet rather than a hair dryer.

The court held that the amended complaint did *not* relate back to the original complaint, and was thus barred by the statute of limitations. The court announced that an amended complaint relates back only if it is based on the same operative facts, and refers to the same "offending instrumentality" and "accident." The amended complaint before the court did not relate back because "[t]he difference between being electrocuted by a hair dryer and being electrocuted by a table lamp is as great as being electrocuted by the hair dryer and being poisoned by some improperly processed food found on the kitchen shelf. Although they relate to a single death at a single location, they are different 'accidents' and involve different instrumentalities." (*Id.*, at p. 347.)

Similarly, plaintiff asserts that the new cause of action in the present case does not relate back because it, too, involves separate and distinct "offending instrumentalities" and "accidents." The original complaint al-

leged that the offending instrumentality was Doctor Taras' negligent medical treatment and the failure of Dr. Taras and Darvon Manufacturer to warn of the dangers involved in taking the prescription drug Darvon. The alleged accident was her ingestion of that drug. By contrast, the amended complaint alleged that the offending instrumentality was a defective and unsafe Dalkon Shield designed, manufactured, and sold by Robins. The alleged accident was tubal-ovarian abscesses and an infection resulting from her use of the Dalkon Shield.

### III

The courts below seemed to acknowledge that under *Coronet,* the causes of action alleged against Dr. Taras and Darvon Manufacturer did not relate back. But because the relation back rule has so far been confined to the statute of limitations, they shrank from applying that doctrine to the service and return requirements of section 581a. We believe that this failure to extend the relation back rule to section 581a is error.

█ The nature and purpose of section 581a and the statute of limitations, after all, are virtually identical. "In essence, these statutes [§§ 581a, 583] are similar to the statutes of limitation, only they operate during the period after the plaintiff files the complaint rather than before the plaintiff files the complaint." (Recommendation Relating to Dismissal for Lack of Prosecution (Sept. 1982) 16 Cal. Law Revision Com. Rep. (1982) pp. 2209-2210.)

Both section 581a and the statute of limitations were designed to move suits expeditiously toward trial. (*Id.,* at p. 2210.) Both statutes were enacted to promote the trial of the case before evidence is lost or destroyed, and before witnesses become unavailable or their memories dim. (*Ibid.*) And both statutes conflict with the "strong public policy" that seeks to dispose of litigation on the merits rather than on procedural grounds. (*Ibid.*)

█ Because of this strong public policy, the statute of limitations is said to be a disfavored defense, "to be strictly construed so as to avoid a 'forfeiture' of rights." (2 Witkin, Cal. Procedure (2d ed. 1971) Actions, § 227, p. 1085.) While we do not suggest that section 581a also be transformed into a disfavored defense, we do suggest that certain exceptions created to mitigate the harshness of the statute of limitations—such as the relation-back rule—should be applied also to section 581a.

In arguing that the relation-back rule should not apply to section 581a, Robins relies on four cases: *Lesko* v. *Superior Court* (1982) 127 Cal.App.3d 476 [179 Cal.Rptr. 595]; *Lopa* v. *Superior Court* (1975) 46 Cal.App.3d 382 [120 Cal.Rptr. 445]; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942 [154

Cal.Rptr. 472], and *Nelson* v. *A. H. Robins Co.*, *supra,* 149 Cal.App.3d 862. Those cases, however, do not compel the result the trial court reached, but tend to support just the opposite conclusion.

In *Lesko,* the original complaint for medical malpractice named only Doe defendants, and was never served. The amended complaint was served more than three years after the original filing. During the three-year period, however, the parties were engaged in settlement negotiations. The court held that the original commencement of the suit was the event from which section 581a's three-year rule begins to run. However, the court emphasized that the amended pleadings "alleged the same operative facts" as the original complaint. (*Lesko, supra,* 127 Cal.App.3d at p. 482.)

In *Lopa,* the complaint for wrongful death was amended after the automobile guest statute was declared unconstitutional. The court held that "as to a defendant named in the original complaint by a fictitious name the action commences for purposes of section 581a on the date of the filing of the complaint." (*Lopa, supra,* 46 Cal.App.3d at p. 387.) But the court was careful to point out that "the recovery sought in the amended complaint is clearly based on the same general facts as those set forth in the original complaint." (*Ibid.*)

In *Munoz,* the complaint for medical malpractice was amended 16 months after filing in order to substitute a physician for a fictitious defendant. The applicable statute of limitations was one year. The court held that a plaintiff's failure to inquire into the identity of a fictitious defendant did not prevent plaintiff from taking advantage of the relation-back doctrine. Referring to section 581a, the court proclaimed that "[w]hen the complaint is amended to substitute the true name of the defendant for the fictional name, the defendant is regarded as a party from the commencement of the suit, provided the complaint has not been amended to seek relief on a different theory based on a general set of facts other than those set out in the original complaint." (*Munoz, supra,* 91 Cal.App.3d at p. 946.)

Finally, in *Nelson* v. *A. H. Robins Co.*, *supra,* 149 Cal.App.3d 862, the plaintiff filed suit against a family clinic and various Doe defendants for injuries caused by a defective intrauterine device. The plaintiff amended her complaint to name A. H. Robins Co. as the manufacturer of the Dalkon Shield intrauterine device. As in the present case, Robins was served within three years from the filing of the amended complaint but not within three years from the original filing. Affirming the section 581a dismissal, the Court of Appeal held that when fictitious Does are substituted with named parties, "the commencement of the action related back . . . to the time of the filing of the original complaint." (*Id.,* at p. 867.)

In *Nelson,* however, the plaintiff did not amend her complaint to name a new cause of action based on different operative facts. Unlike the case before us, the Dalkon Shield cause of action in *Nelson* was alleged in the original complaint.

Thus, in each of these cases, the allegations against the Doe defendants in the amended complaint were founded on the same operative facts as in the original complaint—in other words, each cause of action related back. The language in the decisions suggests that in a case where the amended complaint is based on different operative facts, the defendant does not become a party until the date of filing the amendment.

This theory finds support in *Warren* v. *Atchison, T. & S. F. Ry. Co.* (1971) 19 Cal.App.3d 24 [96 Cal.Rptr. 317]. *Warren* involved an action to quiet title against a railroad. In addition to naming 30 Doe defendants, the complaint referred to miscellaneous "others" involved in unauthorized use of the property. An amended complaint was filed more than three years later, naming the persons previously referred to as "others." The court held that "when a new party is added to the action, the action commences as to him on the date of the order adding him as a party or on the date of filing of the pleading naming him as a new party." (*Id.,* at p. 38.)

 Thus, when a complaint is amended only to identify a party by its proper name, the gravamen of the complaint remains unaltered, and hence the later pleading relates back to the earlier pleading. By the same token, however, when a complaint is amended to allege a new cause of action based on different operative facts, the new cause of action is different in nature from any cause of action contained in the earlier complaint, and hence does not relate back.

In this case, plaintiff asserts that the fourth cause of action in her amended complaint is based on different operative facts and does not relate back to the initial complaint. From the face of her amended complaint, it appears that the statute of limitations may have run on this claim. She alleges she was injured in December 1977; the amended complaint was filed well over one year later. Under section 340, plaintiff was required to bring suit by December 1978; her claim was untimely even when the initial complaint was filed. If plaintiff's position is that section 340 was tolled because she was unaware of either her injury or its negligent cause, she has not met her burden under *Saliter* v. *Pierce Brothers Mortuary* (1978) 81 Cal.App.3d 292, 296 [146 Cal.Rptr. 271] [plaintiff must specifically plead facts which show the time and manner of discovery and plaintiff's inability to have made an earlier discovery despite reasonable diligence]. Nonetheless, because this problem may be curable by amendment and because the parties have not

addressed this issue, we will assume for purposes of our analysis that plaintiff's Dalkon Shield claim was timely asserted.

## IV

Defendant calls our attention to the repeal of section 581a, effective January 1, 1985. (Sen. Bill No. 1366 (1983-1984 Reg. Sess.) § 3.) It contends that plaintiff's position is inconsistent with the policy underlying the new legislation. Defendant cites new section 583.210, subdivision (a), which provides that "The summons and complaint shall be served upon a defendant within the three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed." Section 583.240, subdivision (d), then provides that the three-year period does not run if service "was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision."

Robins argues that by running the three-year period from the commencement of the action, expressly defined as "the time the complaint is filed," the Legislature adopted language which excluded any rule dating that period from a later amendment to the complaint. Nothing, however, in the voluminous appendix submitted by Robins on the legislative history of the new enactment mentions the relation-back rule. There is no reason to believe the Legislature considered that doctrine, or adopted any language to bar its application to section 581a. All that appears is that the Legislature intended to codify and fix the list of exceptional circumstances that would extend the three-year period to those already recognized in the case law.[4] The relation-back doctrine, however, is not concerned with circumstances which excuse a failure to serve and return summons within the three-year period, but with the question of when the three-year period starts on a cause of action unrelated to the original complaint, a matter not considered by the Legislature.

In any event, the present case arises under former section 581a, not the statute enacted by the 1984 Legislature. That statute is relevant only to the

---

[4]Sections 583.210 through 583.250 were enacted because "the courts have developed numerous limitations on and exceptions to the dismissal statutes. The statutes do not accurately state the exceptions, excuses, and existence of court discretion. The interrelation of the statutes is confusing. The state of the law is generally unsatisfactory, requiring frequent appellate decisions for clarification. . . . The policy of the state towards dismissal for lack of prosecution should be fixed and codified, and the dismissal statutes should be construed consistently with this policy. The Law Revision Commission believes that the current preference for trial on the merits over dismissal on procedural grounds is sound and should be preserved by statute. The proposed legislation contains a statement of this basic public policy." (Revised Recommendations Relating to Dismissal for Lack of Prosecution, 17 Cal. Law Revision Com. Rep. (1984) 905, 910-911.)

extent it represents or codifies a policy which the courts ought to follow in construing the predecessor provisions. Since the new statute in fact takes no position and states no policy regarding the relation-back doctrine, it has no effect on the decision of the present case and our reasoning would apply to the new statute.

Robins also draws our attention to *Hocharian v. Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], and its subsequent repudiation by the Legislature in 1982. In *Hocharian,* the plaintiff was unable to serve the defendant within three years because he was unable to discover the defendant's identity within that time. We held section 581a is subject to a "reasonable diligence" standard: "[I]f plaintiff fails to serve and return summons on a defendant within three years of the commencement of the action, plaintiff may be presumed to have failed to use reasonable diligence. This presumption may be overcome by plaintiff, who bears the burden of proving that he falls within an implied exception to section 581a." (*Id.,* at p. 722.)

*Hocharian* was repudiated by former section 581a, subdivision (f)[5] (see *Republic Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 1253, 1256 [207 Cal.Rptr. 241]; *Westinghouse Electric Corp.* v. *Superior Court* (1983) 143 Cal.App.3d 95, 105 [191 Cal.Rptr. 549]), which states that section 581a is mandatory and jurisdictional. Subdivision (f) codified the implied exceptions to section 581a that we recognized before *Hocharian* but conspicuously omitted any reference to the "reasonable diligence" standard of *Hocharian.*

Robins places great reliance on subdivision (f), citing *Republic Corp.* v. *Superior Court, supra,* 160 Cal.App.3d 1253. In *Republic,* the plaintiff amended his complaint within three years to substitute American Standard, Inc., as the named manufacturer of a defective heater in lieu of a "Doe" manufacturer. After discovery, however, plaintiff learned that American Standard, Inc. was not the manufacturer. Plaintiff then amended the complaint again, naming Republic Corporation instead as the Doe defendant. This second amendment was not filed within three years of the first complaint.

---

[5]Section 581a, subdivision (f) stated: "Except as provided in this statute, the provisions of this section are mandatory and are not excusable, and the times within which acts to be done are jurisdictional. Compliance may be excused only for either of the following reasons: (1) Where the defendant or cross-defendant is estopped to complain. (2) Where it would be impossible, impracticable, or futile to comply due to causes beyond a party's control. However, failure to discover relevant facts or evidence shall not excuse compliance." This subdivision was also repealed by the 1984 legislation.

Noting that our decision in *Hocharian* was repudiated by the Legislature, the court proceeded to apply subdivision (f) mechanically to the facts before it. The court concluded that it was not "impossible, impracticable, or futile" for the plaintiff to have complied with the three-year limitations (*id.*, at p. 159), nor was there any reason why the defendant should be estopped from moving to dismiss under section 581a. Consequently, the action was ordered dismissed.

*Republic Corp.* and subdivision (f) are not controlling in the present case. Plaintiff does not assert that her amended compliant falls within any of the exceptions to section 581a. Nor does she argue for the application of a standard of reasonable diligence. Rather, her focus has always been on when the statutory period *commences* for purposes of section 581a.[6] Since we have concluded that it commenced as to the Dalkon Shield cause of action on February 29, 1980, when she first asserted that cause of action, plaintiff's service on Robins took place within the statutory period.

## CONCLUSION

The failure to apply the relation-back rule when an amended complaint contains a new cause of action based on different operative facts is likely to lead to an absurd result. Here, the plaintiff could have filed her Dalkon Shield cause of action as a separate lawsuit. Instead, she chose to take advantage of the liberal rules of joinder of causes of action. Had she not elected to join all her causes of action in one pleading in the interests of judicial economy, she would not have faced dismissal under section 581a.

The failure to apply the relation-back rule to the present case would be especially harsh. Because the original summons and complaint were never served (see fn. 2, *ante*), Dr. Taras and Darvon Manufacturer are immune from suit under section 581a. As a consequence, if the dismissal is affirmed, petitioner will be left without a remedy. Any rule that penalizes a plaintiff for the mere form in which the pleadings are cast is inherently unfair and deserves to be discarded.

The judgment (order of dismissal) is reversed.

---

[6]Robins argues that *Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714 established a judicial policy that noncompliance with section 581a should not be excused unless plaintiff can show reasonable diligence. That policy, however, is limited to excuses extending the three-year statutory period; it has no bearing upon plaintiff's argument, which as we have stated relates to the question when the three-year period commences. Section 581a does not require a plaintiff to use reasonable diligence to effect service so long as the summons is served and returned within the three-year period.

Bird, C. J., Mosk, J., Kaus, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.