Filed 5/28/15  Keegan v. Pratt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARIAN K. KEEGAN, | |
| Plaintiff and Appellant, | G049659 |
| v. | (Super. Ct. No. 30-2010-00338176) |
| SHANNON PRATT, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from orders of the Superior Court of Orange County, David R. Chaffee, Judge.  Affirmed.

Marian K. Keegan, in pro per; Charles G. Kinney (now involuntarily inactive) for Plaintiff and Appellant.

Pardes & Stein and Fred S. Pardes for Defendant and Respondent.

\*          \*          \*

Plaintiff and appellant Marian Keegan contends the court abused its

discretion in ruling on a notice of related case and in granting a motion to quash filed by respondent Shannon Pratt, whom Keegan served as a Doe defendant more than three years after the lawsuit was filed. With regard to her first point, Keegan has provided an inadequate record for review and a lack of pertinent legal argument. With regard to her second point, Keegan failed to timely serve her complaint. (Code Civ. Proc., §§ 583.210, subd. (a), 583.250, subd. (a).) We affirm.

I

FACTS

Keegan filed a complaint against Kymberli Serafino, Hugo Salgado, O.C. Restaurant Upholstery, and Does one through 50, on January 22, 2010. (*Keegan v. Serafino* (Super. Ct. Orange County, No. 30-2010-00338176) ("*Keegan*").) Keegan alleged that she owned a vinyl repair business known as Invisible Vinyl Repair. She had employed Serafino as her office manager and Salgado as a craftsman. However, Serafino and Salgado left their employment in January 2010.

According to the complaint, Serafino and Salgado opened a competing business, under the name O.C. Restaurant Upholstery. They allegedly stole Keegan's customers, floor plans, fabric samples, tools of the trade, and certain bank funds. Keegan asserted numerous causes of action against them, and she filed a first amended complaint in May 2010.

A bench trial was held before Judge Chaffee on January 18, 2011. None of the defendants appeared. On February 22, 2011, the court entered an amended judgment against Salgado and O.C. Restaurant Upholstery, but not Serafino, who had filed for bankruptcy. It awarded $599,000 to Keegan.

Keegan represents that the court granted a new trial motion for Salgado, who then had a jury trial. She further represents that neither she nor Salgado "prevailed in that." Keegan provides no record references to support her description of events.

On September 14, 2012, Keegan filed a notice of related case. She said her

2

case, *Keegan*, was related to *Serafino v. Keegan* (Super. Ct. Orange County, No. 30-2012-00581734) ("*Serafino*").

On January 15, 2013, Keegan filed an amendment to complaint to add Pratt as a Doe defendant. Pratt thereafter filed a motion to quash, on several grounds. The court granted the motion.

Keegan appeals from the order granting the motion to quash and from a "refusal" by the court to relate the *Keegan* and *Serafino* cases.

II

DISCUSSION

A. *Ruling on Notice of Related Case:*

Keegan begins by citing a copy of a minute order, apparently filed in *Serafino*. It is attached to her opening brief but does not appear to be contained in the record on appeal. Disregarding the significance of her failure to include the challenged minute order in the record, we observe it provides in pertinent part: "The Honorable David Chaffee read and considered the Notice of Related Case and finds that [*Serafino*] and [*Keegan*] are not related. [¶] [*Keegan*] has previously gone to trial." For reasons we shall explain, Keegan has failed to show the court abused its discretion in ruling as it did.

California Rules of Court, rule 3.300(b) requires a party in a civil action to serve and file a notice of related case under certain circumstances. Rule 3.300(a) provides: "A pending civil case is related to another pending civil case, or to a civil case that was dismissed with or without prejudice, or to a civil case that was disposed of by judgment, if the cases: [¶] (1) Involve the same parties and are based on the same or similar claims; [¶] (2) Arise from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact; [¶] (3) Involve claims against, title to, possession of, or damages to the same property; or [¶] (4) Are likely for other reasons to require substantial

3

duplication of judicial resources if heard by different judges."

California Rules of Court, rule 3.300(h) gives the court the discretion to "order that the cases . . . be related and [to] assign them to a single judge or department" if the cases have been filed in one superior court. Here, Keegan argues the court abused its discretion in failing to relate the *Keegan* and *Serafino* cases. However, she fails to address the requirements of rule 3.300(a) or to cite any portion of the record to support her position. She has not met her burden to show error. (*R. A. Stuchbery & Others Syndicate 1096 v. Redland Ins. Co.* (2007) 154 Cal.App.4th 796, 801-802, fn. 3 [point unsupported by cognizable legal argument abandoned]; *accord*, *G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 619; *Roden v. AmerisourceBergen Corp.* (2010) 186 Cal.App.4th 620, 634 [point unsupported by record references waived].)


*B. Motion to Quash:*

*(1) Background—*

In her January 15, 2013 amendment to complaint to add a Doe defendant, Keegan stated only that she had previously been "ignorant of the true name of a defendant," and had "discovered the true name of said defendant to be 'Shannon Pratt'." She offered no further information and did not amend her complaint in any way other than to add the Doe defendant. Keegan served Pratt with copies of the summons, complaint and Doe amendment on September 23, 2013.

In her motion, Pratt argued Keegan clearly had been dilatory in her efforts to add her to the lawsuit. Pratt emphasized that a December 11, 2009 business license application, showing her to be an owner of O.C. Restaurant Upholstery, was a public record available to Keegan years before the May 2012 trial (an apparent reference to a trial of Keegan's claims against Salgado). Furthermore, Pratt showed that Keegan clearly knew about her more than a year before she served her with the summons, complaint, and Doe amendment. She contended that lack of diligence alone was a sufficient ground for

4

granting her motion.

In addition, Pratt argued that inasmuch as Keegan alleged the theft took place before January 4, 2010, but she did not add Pratt as a Doe defendant until January 15, 2013, Keegan's claim was barred by the three-year statute of limitations for conversion. (Code Civ. Proc., § 338, subd. (c).) Pratt further argued that, given the 2012 verdict in the case, Keegan's claims against Pratt were barred by the doctrines of res judicata and collateral estoppel.

In her opposition to Pratt's motion, Keegan claimed she did not learn about the December 11, 2009 business license application, and Pratt's involvement in O.C. Restaurant Upholstery, until she subpoenaed the business license records for trial and the records were produced on January 19, 2011. She also claimed she had difficulty in serving Pratt.

Keegan emphasized that the first trial, in January 2011, was as to O.C. Restaurant Upholstery and the second trial, in 2012, was as to Salgado only. She asserted that the default judgment taken against O.C. Restaurant Upholstery in February 2011 was res judicata as against Pratt.

Finally, Keegan claimed that, having only learned of Pratt's involvement with O.C. Restaurant Upholstery on January 19, 2011, naming her as a Doe defendant within three years, on January 15, 2013, was proper under Code of Civil Procedure sections 338, subdivision (d) [three-year statute of limitations for fraud] and 583.420, subdivision (a)(1) [discretionary dismissal for lack of service within two years of commencement of action].

The court issued a three-page minute order addressing in detail the various issues the parties raised, including without limitation, undue delay, the statute of limitations, res judicata and collateral estoppel. It granted Pratt's motion on several grounds. It stated the "purported Doe amendment [was] defective" as "(i) barred or subject to dismissal under the statute of limitations; or (ii) subject to dismissal because

5

summons was not timely served; or (iii) improper because Pratt may not be added to the existing judgment without notice."

*(2) Nature of Motion—*

On appeal, Keegan first argues that the court erred in considering issues other than personal jurisdiction. She quotes *Kroopf v. Guffey* (1986) 183 Cal.App.3d 1351, which provides: "[A] motion to quash service is strictly limited to the question of jurisdiction over the defendant. [Citations.] Thus a motion to quash does not serve the function of a demurrer as to whether the complaint states a cause of action." (*Id*. at p. 1360.)

We agree that in "[u]sing the motion to quash service of summons as a vehicle, [Pratt] attempted to place issues before the trial court which were irrelevant to a consideration of the motion." (*Kroopf v. Guffey*, *supra*, 183 Cal.App.3d at p. 1360.) However, that does not mean her motion was not well taken on any ground or that the court erred in granting it.

Code of Civil Procedure section 418.10, subdivision (a) provides: "A defendant . . . may serve and file a notice of motion for one or more of the following purposes: [¶] (1) To quash service of summons on the ground of lack of jurisdiction of the court over him or her. [¶] (2) To stay or dismiss the action on the ground of inconvenient forum. [¶] (3) To dismiss the action pursuant to the applicable provisions of Chapter 1.5 (commencing with Section 583.110) of Title 8." Code of Civil Procedure section 583.110 et seq. has to do with dismissal for delay in prosecution. Delay in prosecution is one of the grounds Pratt asserted in her motion. It is also one of the grounds upon which the court relied in making its decision, and properly so.

*(3) Delay in Prosecution—*

Code of Civil Procedure section 583.130 provides in pertinent part: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action . . . ." Section 583.210, subdivision (a) provides: "The

6

summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed."

Section 583.250 further provides: "(a) If service is not made in an action within the time prescribed in this article: [¶] (1) The action shall not be further prosecuted and no further proceedings shall be held in the action. [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

Here, the amendment adding Pratt as a Doe defendant added no new allegations whatsoever and thus was clearly based on the same operative facts as the first amended complaint. That being the case, the filing of the Doe amendment on January 15, 2013 related back to the filing of the first amended complaint on May 3, 2010. (*Barrington v. A.H. Robins Co.* (1985) 39 Cal.3d 146, 154.) However, the Doe amendment was not served on Pratt until September 23, 2013—more than three years after the filing of the first amended complaint. Consequently, it was not timely served. (Code Civ. Proc., § 583.210, subd. (a).)

The court observed that if Keegan somehow argued the relation-back doctrine should not apply, and the court construed her Doe amendment to be timely served, then she would have a statute of limitations problem. It explained that the statute of limitations for conversion (Code Civ. Proc., § 338, subd. (c)) ran from the date of the alleged conversion in December 2009, so the filing of a complaint on January 15, 2003 would be untimely.

We would agree with this analysis but for two things. First, conversion was not the only cause of action Keegan asserted and both parties failed to address the applicable statute of limitations for her other causes of action, notably unfair competition.

7

Second, and more importantly, Keegan has no basis to argue that the relation-back doctrine does not apply.  Indeed, in her reply brief, Keegan plainly states, "It is incorrect to say KEEGAN's claims do not relate back since the Barrington case says these claims do relate back."  Exactly.

The court was correct that the action should be dismissed as to Pratt for failure to timely serve her.  (Code Civ. Proc., § 583.210, subd. (a); § 583.250, subd. (a).)  While Keegan baldly asserts that Pratt "was hard to find," she does not indicate what efforts she made to find Pratt.  That being the case we do not apply Code of Civil Procedure section 583.240 to extend the time for service.[1]

The court was also correct that it could, on its own motion, dismiss the action as to Pratt pursuant to Code of Civil Procedure section 583.250, subdivision (a)(2).  Keegan is wrong in claiming the court erred in considering the application of the statute.  Not only does the statute, by its own terms, permit the court to do so, but Pratt's first argument in her motion was that Keegan was dilatory in serving her, even though Pratt omitted to cite the statute in question.

Inasmuch as Keegan failed to timely serve Pratt, it is unnecessary for the court to consider the parties' arguments about res judicata and collateral estoppel.

*C.  Stay Request:*

Keegan also requests this court to stay the *Serafino* case because "SERAFINO filed a counter-claim in federal bankruptcy court . . . based on the same facts with the same parties."  Keegan fails to support her assertions with citations to the

---

[1]     Code of Civil Procedure section 583.240 provides:  "In computing the time within which service must be made pursuant to this article, there shall be excluded the time during which any of the following conditions existed:  [¶] . . . [¶] (d) Service . . . was impossible, impracticable, or futile due to causes beyond the plaintiff's control.  Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision."

8

record.  Consequently, her arguments fail.  (*Roden v. AmerisourceBergen Corp.*, *supra*, 186 Cal.App.4th at p. 634.)  The *Serafino* case is not before us in any event.

*D.  Sanctions Request:*

At oral argument, counsel for Pratt requested that this court award sanctions against Keegan and Kinney.  We do not consider this request inasmuch as it does not comply with California Rules of Court, rule 8.54.

III

DISPOSITION

The orders are affirmed.  Pratt shall recover her costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.