Filed 3/6/24  Prism Aerospace v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PRISM AEROSPACE, INC. et al., | |
| Petitioners, | E081644 |
| v. | (Super.Ct.No. CVRI2200772) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| VANESSA URIAS, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Irma Poole Asberry, Judge.  Petition granted.

Law Offices of Mohammad A. Fakhreddine and Mohammad A. Fakhreddine for Petitioners.

1

Law Offices of Neil C. Newson & Associates and Isaac H. Braddock for Real Party in Interest.

In this writ proceeding, defendants Prism Aerospace Inc. (Prism), LTET Enterprises, Inc. (LTET), and Felipe Cervantes challenge the trial court's order denying their motion for summary adjudication of six causes of action in plaintiff Vanessa Urias's sexual harassment lawsuit against them.

In August 2017, Urias sued defendants for battery and violations of the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Urias's claims were sent to arbitration in January 2018 but were restored to active status in the trial court over three years later, because the parties failed to select an arbitrator. After obtaining leave to file an amended complaint but then failing to file one within the allotted time, Urias did not respond to an order to show cause regarding dismissal. As a result, the trial court dismissed the action without prejudice in July 2021.

In February 2022, Urias filed the present lawsuit, which asserts the same claims as her previous suit plus four additional causes of action, including assault and a claim for attorney fees and costs under the California Arbitration Act (CAA) (Code Civ. Proc., § 1280 et seq.; unlabeled statutory citations refer to this code). Defendants moved for summary adjudication, arguing, among other things, that Urias's claims were time-barred. The trial court granted summary adjudication as to two of the claims but denied summary adjudication as to the remaining six: Urias's three FEHA claims, plus her claims for assault, battery, and attorney fees and costs. The court concluded that those

2

claims were timely because (1) the CAA's tolling provisions tolled the applicable statutes of limitations for the three-year period when the claims were supposed to be in arbitration and (2) the relation back doctrine continued to toll the limitations periods until Urias filed the present lawsuit.

Defendants argue that the trial court erred by concluding that those claims were not time-barred. We agree. The relation back doctrine does not apply under these circumstances, and even if the CAA's tolling provisions applied, Urias waited too long after her suit returned to court to reassert her claims. We therefore grant the petition.

BACKGROUND

A.    *Urias's Lawsuits*

According to the allegations of Urias's complaints, she was subjected to repeated unwanted sexual advances by her supervisor, Cervantes, when she was jointly employed by Prism and LTET from February 2013 to February 2016. Urias alleged that Cervantes asked her on dates despite knowing that she was in a committed relationship, and he repeatedly massaged her shoulders and arms despite her objections. She alleged that another supervisor told her that she (Urias) should date Cervantes if she wanted to advance within the company. Finally, Urias alleged that when she complained to human resources about Cervantes's behavior, the human resources manager, who was related to Cervantes, responded by calling her "daughter-in-law." According to Urias's allegations, Cervantes's inappropriate physical touching "continu[ed] through at least February, 2016."

3

On August 22, 2016, Urias filed a complaint against LTET with the Department of Fair Employment and Housing (DFEH). That same day, DFEH issued a right-to-sue notice to Urias, informing her that she had one year from the date of the notice to file her lawsuit.

On August 16, 2017, Urias filed a civil complaint against defendants, asserting a claim for battery and three FEHA causes of action: (1) hostile work environment sexual harassment; (2) quid pro quo sexual harassment; and (3) failure to prevent harassment. In January 2018, the trial court granted defendants' motion to compel arbitration.

Three years later, in January 2021, Urias filed a motion to restore the case to the superior court's civil active list and for leave to file an amended complaint. On February 17, 2021, the trial court granted Urias's motions and directed her to file an amended complaint within five days.

Urias did not file an amended complaint, and on May 19, 2021, the court issued an order to show cause why the action should not be dismissed.[1] On July 28, 2021, the court dismissed the action without prejudice. The court's minute order states, "[d]ismissal entered for the following reason: Failure to respond to an order to show cause regarding dismissal."

---

**[1]** The trial court's order is not in the appellate record. According to the description in the register of actions, which is in the record, the court's order to show cause was based on Urias's "[f]ailure to file a default judgment." That appears to be a clerical error, because Urias never filed a new complaint on which default against defendants could be entered.

On February 22, 2022, Urias filed the present lawsuit, and she filed a first amended complaint (FAC) on May 17, 2022. The FAC asserted the same FEHA and battery claims as the 2017 complaint, along with four additional claims: (1) fraudulent transfer of assets; (2) assault;[2] (3) conspiracy to transfer assets; and (4) attorney fees and costs under the CAA (§ 1281.98). In addition to the allegations from the 2017 complaint, the FAC alleged that defendants had materially breached the arbitration agreement within the meaning of the CAA by failing to pay arbitration fees and failing to participate in the selection of an arbitrator. Urias alleged that, because of that breach, the CAA's tolling provisions tolled the statutes of limitations for her claims from "her first filing, i.e. on or about 07-01-2017" until the filing of the present lawsuit.

B. *Defendants' Motion for Summary Adjudication*

Defendants filed a motion for summary judgment or, in the alternative, summary adjudication on all eight claims in the FAC. As to the six claims at issue in this writ proceeding, defendants argued that the statutes of limitations had expired by the time Urias initiated the present action on February 22, 2022. Defendants also argued that the CAA's tolling provisions did not apply to the claims because those provisions are triggered by a material breach of the arbitration agreement and no such breach occurred. To support that argument, defendants submitted discovery responses in which Urias

---

[2] Although Urias alleged the assault claim against all defendants, the factual allegations specific to that cause of action are that a nonparty employee of LTET and Prism sexually harassed a nonparty former coworker.

5

admitted that the parties had not selected an arbitrator and that no arbitration invoices had been issued.

In her opposition to defendants' motion, Urias argued that defendants materially breached the arbitration agreement by failing to participate in the selection of an arbitrator and by failing to pay arbitration fees. However, she presented no evidence that any arbitration fees had become due. She argued that, as a result of the breach, the CAA's tolling provisions applied until she filed this lawsuit.

The trial court granted summary adjudication on the two transfer of assets claims as to all defendants and on the FEHA claims as to Prism and Cervantes. The court denied summary adjudication on the FEHA claims as to LTET and on the battery, assault, and attorney fees and costs claims as to all defendants, concluding that the claims were timely. Specifically, the court concluded that the CAA's tolling provisions tolled the applicable statutes of limitations from August 16, 2017 (the date Urias filed her first complaint) to February 17, 2021 (the date that action was restored to active status). Relying on *Ashworth v. Memorial Hospital* (1988) 206 Cal.App.3d 1046 (*Ashworth*), the court further concluded that tolling continued until Urias filed the present action, because the claims "relate back" to the original claims that had been sent to arbitration.

Defendants filed this petition for a writ of mandate to seek review of the court's ruling. We issued an order to show cause and stayed proceedings in the trial court.

6

DISCUSSION

The sole issue presented is whether the trial court correctly determined that the FEHA, assault, battery, and attorney fees and costs claims were timely. Defendants argue that the record establishes as a matter of law that the statutes of limitations for each of those claims had expired by the time Urias initiated this action in February 2022. We agree.

A trial court may grant summary adjudication if there is no triable issue of material fact and the issues raised by the pleadings may be decided as a matter of law. (§ 437c, subds. (c), (f); *Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 813.) A petition for writ of mandate is an appropriate means for challenging the denial of a motion for summary adjudication. (§ 437c, subd. (m)(1).) We review summary adjudication orders de novo. (*Travelers Property Casualty Co. of America v. Superior Court* (2013) 215 Cal.App.4th 561, 574.) We independently examine the record to determine whether there are triable issues of material fact and whether the moving party is entitled to summary adjudication as a matter of law. (*Ibid.*)

Claims for assault and battery are governed by a two-year statute of limitations. (§ 335.1.) FEHA claims are subject to a one-year statute of limitations that begins to run when DFEH issues the right-to-sue notice. (Gov. Code, § 12965, subd. (c)(1)(C); see also *Acuna v. San Diego Gas & Electric Co.* (2013) 217 Cal.App.4th 1402, 1413.) Finally, any statutory claim for attorney fees and costs, which includes Urias's claim under the CAA (§ 1281.98, subd. (c)(1)), "must be served and filed within the time for

7

filing a notice of appeal under rules 8.104 and 8.108" of the California Rules of Court. (Cal. Rules of Court, rule 3.1702.) As a result, the latest Urias could have asserted her claim was 180 days after the entry of judgment in her previous lawsuit. (Cal. Rules of Court, rule 8.104(a).)

According to Urias's allegations, the latest that her assault and battery claims could have accrued was the last day of February 2016 (February 29). Thus, when she filed her complaint on August 16, 2017, the limitations period had been running for 535 days, which means that 195 days of the two-year limitations period remained. As to the FEHA claims, the one-year statute of limitations began to run when DFEH issued the right-to-sue notice on August 22, 2016, meaning that five days of that limitations period remained when she filed the initial complaint. Between the filing of that complaint and the filing of this lawsuit, approximately four and one-half years elapsed.

The first part of the trial court's analysis was that the CAA's tolling provisions applied to the claims that were sent to arbitration (i.e., the FEHA and battery claims) from Urias's "first filing" (i.e., the filing of the complaint on August 16, 2017) until the claims were restored to active status in the superior court on February 17, 2021. Defendants argue that the court's analysis was incorrect. They argue that because no arbitration invoices were ever issued, the CAA's tolling provisions were never triggered by failure to pay the required fees.

8

We need not resolve that issue, because even if we assume that the tolling provisions applied until the latest date possible—the dismissal of the original lawsuit on July 28, 2021—Urias still waited too long to file the present lawsuit. Between dismissal in July 2021 and the filing of this action, 209 days elapsed. During that nearly seven-month period, the 5 days left on the FEHA limitations period expired, as did the 195 days left on the assault and battery limitations period, and the 180-day deadline for seeking attorney fees and costs under the CAA passed as well.[3]

In concluding that the statutes of limitations were tolled during those 209 days, the trial court concluded that the relation back doctrine applied to Urias's claims from the end of tolling under the CAA until the filing of the present lawsuit. However, the relation back doctrine applies only to claims in amended pleadings in the *same* lawsuit when the initial pleading was filed within the limitations period. (*Barrington v. A.H. Robins Co.* (1985) 39 Cal.3d 146, 150; *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409.) The doctrine does not apply to attempts to revive claims that have been dismissed in a *prior* lawsuit. The case that the trial court relied on, *Ashworth*, involved tolling under the delayed discovery rule, not the relation back doctrine, so it provides no support for the court's conclusion. (*Ashworth*, *supra*, 206 Cal.App.3d at pp. 1063-1065.) Again, even under the most generous analysis for Urias—in which we assume tolling applied until dismissal in July 2021—the limitations periods expired before she filed this lawsuit.

---

[3] Because we assume without deciding that the CAA's tolling provisions applied to Urias's claims, we need not address Urias's argument that the trial court erred by sustaining defendants' evidentiary objections to the emails that she claims show that defendants alone were to blame for the failure to select an arbitrator.

In her opposition to the petition, Urias argues that because the CAA's tolling provisions apply, they *permanently* toll the statute of limitations for any claims sent to arbitration and any claims that relate back to such claims. In other words, Urias contends that "there is no statute of limitations for claims to which" CAA tolling applies. The argument lacks merit.

The CAA's tolling provisions, found in section 1281.97 and 1281.98, state that if the employee "withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction" following a material breach and default, then "the statute of limitations with regard to all claims brought or that relate back to any claim brought in arbitration shall be tolled as of the date of the first filing of a claim in any court, arbitration forum, or other dispute resolution forum." (§§ 1281.97, subd. (c), 1281.98, subd. (b)(1).) According to Urias, because those provisions identify a start date for the tolling but no end date, there is no end date.

Urias's interpretation is unreasonable. The statutes provide for tolling that begins when the claims were first filed (whether directly in arbitration or in court before being sent to arbitration) and ends when the employee "withdraws the claim from arbitration and proceeds with an action in a court of appropriate jurisdiction." (§§ 1281.97, subd. (c), 1281.98, subd. (b)(1).) That interpretation makes sense in light of the statutory purpose to address "the '"procedural limbo and delay"'" that consumers and employees face when they are "'forced to submit to mandatory arbitration to resolve a[] . . . dispute,'" and the business or company that pushed the case into an arbitral forum then

"'stalls or obstructs the arbitration proceeding by refusing to pay the required fees.'"" (*Gallo v. Wood Ranch USA, Inc.* (2022) 81 Cal.App.5th 621, 634.) The provisions accordingly toll the statutes of limitations when the plaintiff consumer or employee is stuck in that procedural limbo—from the first filing of the claim in court or arbitration until the plaintiff withdraws from arbitration—but not thereafter. Nothing in the text or history of the statutes indicates that they were intended to function in the manner proposed by Urias, which would allow plaintiffs to withdraw from arbitration and then sleep on their rights indefinitely, for however many years or decades, without ever violating any statute of limitations. Such an interpretation would be absurd, and we must avoid statutory "[i]nterpretations that lead to absurd results." (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037.)

For all of these reasons, we conclude that there were no triable issues of material fact as to defendants' statute of limitations defense, and the court should have granted summary adjudication in defendants' favor on all six claims.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the superior court to (1) vacate the order of June 7, 2023, partially denying defendants' motion for summary adjudication and (2) enter a new order granting summary adjudication on the remaining six causes of action and entering judgment in favor of defendants. The previously ordered stay is vacated upon issuance of the remittitur. (Cal. Rules of Court, rule 8.490(d).) Defendants

11

shall recover their costs of this writ proceeding.  (*Id.*, rule 8.493(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

12