Filed 3/5/24  Restaurant Fees Cases CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RESTAURANT FEES CASES<br><br>————————————————<br><br>33 TAPS, LLC, et al.,<br><br>  Plaintiffs and Appellants,<br><br>  v.<br><br>DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,<br><br>  Defendant and Respondent. | B321206<br><br>JCCP No. 5180<br><br>Los Angeles County<br>Super. Ct. No. 20STCV47771 |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Daniel J. Buckley, Judge.  Affirmed.

Kabateck, Brian S. Kabateck, Marina R. Pacheco, Matt A. Sahak; Blood Hurst & O'Reardon, Timothy G. Blood, Leslie E. Hurst and Jennifer L. MacPherson for Plaintiffs and Appellants.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, and Kenneth C. Jones, Deputy Attorney General, for Defendant and Respondent.

————————————————

**SUMMARY**

Plaintiff 33 Taps, LLC filed a class action complaint against defendant Department of Alcoholic Beverage Control (ABC or the Department) and others.  Sixteen other similar class action complaints were filed by restaurants throughout the state, and the actions were coordinated in Los Angeles Superior Court.  As against ABC, each complaint sought damages and other relief for ABC's failure to refund annual license renewal fees paid by 33 Taps and the class (plaintiffs) during the COVID-19 pandemic, when their businesses "were prevented and/or limited from using" their licenses.

ABC demurred on the ground the trial court had no jurisdiction in the matter under Business and Professions Code section 23090.5.  Section 23090.5 expressly divests trial courts of jurisdiction to review decisions of ABC or to restrain or interfere with ABC in the performance of its duties, and instead provides that a writ of mandate from the Supreme Court or a Court of Appeal will lie in a proper case.  (*Id.,* subd. (a).)

The coordination court sustained ABC's demurrer without leave to amend.  Plaintiffs filed notices of appeal, and then filed a motion asking us to deem the coordinated class actions against ABC transferred to this court and to appoint a special master.  This request was based on Code of Civil Procedure section 396, which provides that if the superior court lacks jurisdiction "of an appeal or petition," and the Supreme Court or a Court of Appeal would have jurisdiction, "the appeal or petition shall be transferred to the court having jurisdiction . . . ."  (*Id.,* subd. (b).)

We denied plaintiffs' motion, and we now affirm the trial court's judgment.  Under Code of Civil Procedure section 396, we have jurisdiction over appeals or petitions for writ of mandate—

not over class action complaints.  We also reject plaintiffs' alternative claim that Business and Professions Code section 23090.5 does not divest the superior court of jurisdiction over the complaints.  Accordingly, we affirm the judgment of dismissal.

## FACTS

In their class action complaints, plaintiffs sued city and county entities, as well as ABC, to recoup local fees those entities collected, while at the same time ordering restaurants to cease operations in whole or in part.  Those claims are ongoing in the coordinated proceedings in superior court and are not at issue here.

The complaints allege that despite the orders requiring the closure of plaintiffs' businesses or severe limitations on their operations, ABC continued to charge, collect and fail to partially or completely refund alcoholic beverage control fees.  The complaints allege ABC had a mandatory duty under Business and Professions Code section 23320 to refund annual fees.  That section provides the annual fee paid at the time of application for a new permanent license "shall be refundable only in the event that the license application is withdrawn or denied."  (*Id.*, subd. (c)(1).)  Section 23320 contains no other refund provisions, so the allegation that ABC had a mandatory duty to refund annual fees to entities that already have licenses appears not to be reflected by the language plaintiffs quote in their complaints.  Plaintiffs sought damages and equitable remedies.

ABC demurred on the ground the superior court had no jurisdiction over the actions.  The division of the Business and Professions Code governing alcoholic beverages includes this provision on jurisdiction:  "[A] court of this state, except the Supreme Court and the courts of appeal to the extent specified in

3

this article, shall not have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department [ABC] or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case." (§ 23090.5, subd. (a).)

Plaintiffs opposed ABC's demurrer, arguing Business and Professions Code section 23090.5 does not apply and the superior court has jurisdiction over cases involving ABC "when the superior court is hearing a matter in the first instance, as it is here, as opposed to reviewing a determination that has gone through the review process of the ABC." The trial court rejected plaintiffs' argument based on the express language of the statute and relevant case law.

The court entered judgment dismissing the coordinated complaints in their entirety as to ABC, and plaintiffs filed a timely notice of appeal.

Several months later, plaintiffs filed the motion we have described, contending Code of Civil Procedure section 396 required the trial court to transfer the class actions to this court; asking us to deem the actions transferred to us; and asking us to appoint a special master to take evidence and make factual findings. We denied the motion.

## DISCUSSION

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo, accepting as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect

4

can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Ibid.*)

1. **Code of Civil Procedure Section 396 (Section 396)**

Plaintiffs contend that, in contravention of section 396, the trial court dismissed ABC from the coordinated class action complaints instead of transferring those complaints to this court for decision. They say the "plain meaning" of section 396 required the court to do so. We disagree.

Section 396 states, in its entirety:

"(a) No appeal or petition filed in the superior court shall be dismissed solely because the appeal or petition was not filed in the proper state court.

"(b) If the superior court lacks jurisdiction of an appeal or petition, and a court of appeal or the Supreme Court would have jurisdiction, the appeal or petition shall be transferred to the court having jurisdiction upon terms as to costs or otherwise as may be just, and proceeded with as if regularly filed in the court having jurisdiction."

It is apparent that section 396 requires the superior court to transfer "an appeal or petition" over which it has no jurisdiction. But the coordinated complaints here are not appeals, and plaintiffs cite no authority for construing a putative class action complaint as a petition for writ of mandate, or any other kind of petition.

Plaintiffs cite two cases where courts have found that a complaint could be regarded as a petition for writ of mandamus. Neither case involved putative class action complaints. They involved civil complaints that stated a cause of action for mandamus, that is, they sought relief for which a writ of

5

mandamus was appropriate for review of an administrative decision after hearing.

Plaintiffs first assert that *Boren v. State Personnel Board* (1951) 37 Cal.2d 634 (*Boren*) is "on point." It is not. In *Boren,* the plaintiff sought to annul an order of the defendant board dismissing him from his civil service position, and also sought a judgment awarding accrued salary from the date of his suspension. (*Id.* at p. 637.) He filed "in form . . . a complaint in a civil action." (*Ibid.*) The court held that for the relief the plaintiff sought, "an ordinary civil action is inappropriate." (*Ibid.*) Instead, "the writ of mandamus is appropriate 'for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal, corporation, board or officer . . . .' " (*Ibid.*) The board's proceedings in connection with the plaintiff's dismissal "were clearly of the type envisioned by section 1094.5 [citation], and the writ of mandamus will therefore lie to review the board's decision." (*Ibid.*)

Plaintiffs then tell us that *Lee v. Blue Shield of California* (2007) 154 Cal.App.4th 1369 "is also instructive." That case involved the peer review hearing process for medical providers, and is equally inapt. The appellate court found the trial court correctly sustained the defendant's demurrer to the plaintiff's contract and tort claims for failure to exhaust his administrative remedies, but should have overruled the demurrer to his cause of action for declaratory relief and treated it as a petition for writ of mandate. (*Id.* at pp. 1373, 1379.) Assuming the truth of the plaintiff's allegations, the defendant terminated the plaintiff's

6

provider contract because he was not cooperating with the defendant's discovery requests related to the administrative hearing, and this "was a violation of [the plaintiff's] rights under the statutes governing the hearing process." (*Id.* at p. 1376.) If the plaintiff proved his allegations, he "would be entitled to a writ of mandate directing [the defendant] to set aside its termination of [the plaintiff's] provider contract (but not [his] suspension), reconvene a hearing pursuant to the provisions of [the statute], and comply with the provisions of the peer review hearing process." (*Id.* at p. 1379.)[1]

In short, plaintiffs cite no legal authority that supports construing their class action complaints as petitions for a writ of mandate. Moreover, the only legal authority that mentions section 396's requirement that a superior court transfer an "appeal or petition" to the Court of Appeal or Supreme Court if it lacks jurisdiction to consider the matter itself is *PegaStaff v. Public Utilities Com.* (2015) 236 Cal.App.4th 374. In *PegaStaff,* as plaintiffs point out, the court stated that such a transfer does not require a motion. (*Id.* at p. 392.) But *PegaStaff* concluded a transfer would have been futile in the case before it (because of the plaintiff's failure to exhaust administrative remedies), "even if we ignore the fact that [the plaintiff's] complaint does not

---

[1]     Plaintiffs also cite *Barrington v. A.H. Robins Co.* (1985) 39 Cal.3d 146, 157, where the court stated that "[a]ny rule that penalizes a plaintiff for the mere form in which the pleadings are cast is inherently unfair and deserves to be discarded." *Barrington* does not involve construing a complaint as a petition for writ of mandate; the issue was the time limit for service of an amended complaint charging a Doe defendant with a new cause of action arising from different facts. (*Id.* at p. 149.)

appear to be an 'appeal or petition.' " (*Ibid.*) Plaintiffs here do not mention this aspect of the court's statement.

In the absence of any authority for considering these putative class action complaints as mandamus petitions, we necessarily conclude the trial court had no duty to transfer them to this court.

## 2. Business and Professions Code Section 23090.5 (Section 23090.5)

Plaintiffs argue alternatively that section 23090.5, despite its plain language, does *not* deprive the superior court of jurisdiction. Again they are mistaken.

We have already quoted the pertinent part of section 23090.5. (See the Facts, *ante,* at pp. 3–4.) To recap, section 23090.5 provides that no state court (except the Supreme Court and courts of appeal) has jurisdiction to review or annul or suspend or delay the operation of "any order, rule, or decision" of ABC, or to enjoin or interfere with ABC "in the performance of its duties." (*Id.,* subd. (a).) It also states that "a writ of mandate" from the Supreme Court or a court of appeal lies "in any proper case." (*Ibid.*)

Plaintiffs contend section 23090.5 does not apply here because there "is no order or prospective order to be annulled," they "do not seek review of any prior order made by the ABC," and "the ABC has not issued any orders for a court of appeal to review." Plaintiffs cite three cases, none of which supports the notion that section 23090.5 does not apply in cases where ABC has not issued an order.

In *American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, the Court of Appeal held that "where a matter is within the purview of the ABC, an action seeking a

8

judgment which will interfere with the agency's prospective disciplinary orders is beyond the jurisdiction of the superior court," even though the licensee styles the action as one for injunction or declaratory relief. (*Id.* at p. 1452; see also *id.* at p. 1451 [a judgment disabling ABC from taking disciplinary action "on its face would violate the proscriptions of section 23090.5 because it . . . at minimum would 'restrain, enjoin, or interfere with the department in the performance of its duties.' "].) We fail to see how *American Drug Stores* assists plaintiffs. All plaintiffs say is that, unlike *American Drug Stores,* their lawsuits do not attempt to preemptively annul any ABC order and are not related to any disciplinary proceedings. But their lawsuits do seek to restrain, enjoin or interfere with ABC's performance of its duties, so plaintiffs' distinction is without a difference.

Next, plaintiffs cite *Samson Market Co. v. Kirby* (1968) 261 Cal.App.2d 577. In that case, the Court of Appeal held that it had jurisdiction to grant the relief the plaintiff sought—a writ requiring ABC to extend a time period for cancelation of the plaintiff's liquor license until after pending accusations were resolved—and the superior court had no jurisdiction to grant such relief. (*Id.* at pp. 578, 584.) *Samson* does not apply to these class action complaints.

Plaintiffs also cite *Wiseman Park, LLC v. Southern Glazer's Wine & Spirits, LLC* (2017) 16 Cal.App.5th 110. *Wiseman* involved a lawsuit between two licensees, a restaurant and a wholesale distributor, over carrying charges the restaurant contended were not permitted by the Alcoholic Beverage Control Act. (*Wiseman,* at pp. 113–114.) The trial court found the Department had exclusive jurisdiction, but the Court of Appeal

held otherwise, finding section 23090.5 did not "confer[] jurisdiction on the Department in the first instance to hear contract disputes between its licensees; instead, it relates only to appeals from Department actions." (*Wiseman,* at p. 125.) *Wiseman* does not help plaintiffs; their claims do not concern a dispute between third parties, but rather seek judicial review of the Department's actions.

Finally, plaintiffs contend their lawsuits do not seek to interfere with ABC in the performance of its duties. In an argument devoid of apt legal authority, plaintiffs say that "ABC's act of collecting fees during COVID-19 shutdowns enlarged their authority and was outside the scope of their duties," because plaintiffs "no longer had the ability to sell alcohol." We do not see how the "act of collecting fees" during the pandemic may be seen as something other than the performance of its administrative duties.

Plaintiffs specifically sought to enjoin ABC from levying fees, taxes, and other charges. Now that shutdown orders are no longer in effect, they contend all of their claims are for past harms "and cannot interfere with ABC in the performance of its duties." As support for this assertion, plaintiffs quote, with no explanation of the context, a court's observation that "prospective relief, such as an injunction, may sometimes interfere with the PUC's [Public Utility Commission's] regulatory authority in ways that damages claims based on past harms would not." (*PegaStaff v. Pacific Gas & Electric Co.* (2015) 239 Cal.App.4th 1303, 1318 (*PegaStaff II*).) The court's point was that the nature of the relief sought (prospective relief versus damages for past harms) was relevant to the analysis of the third prong of a legal test that has no application whatsoever to this case. (*Ibid.*)

Indeed, the PUC was not a party in *PegaStaff II*, which involved third party lawsuits against a PUC-regulated utility. We reject the unsupported notion that claims for past harms do not constitute interference with ABC in the performance of its duties.

As a final observation, we mention plaintiffs' introductory statement that this "is a controversy that needs a court," and that applying section 23090.5 in these circumstances means their "only available tribunal . . . is the Supreme Court, the courts of appeal, or nowhere at all." We recognize that with this decision there is no court with jurisdiction over these class action complaints against ABC. But the Legislature has provided some relief to licensees affected by the pandemic.

As ABC points out (as part of its argument that dismissal and failure to transfer was not prejudicial), the Legislature provided an administrative procedure for waiver of renewal fees for licenses expiring between March 1, 2021, and February 28, 2023, "[f]or the purpose of providing economic relief to licensees most severely impacted by the COVID-19 pandemic." (Bus. & Prof. Code, former § 23320.3, subd. (a)(1), added by Stats. 2021, ch. 9, § 2, eff. Feb. 23, 2021, renumbered as § 23320.4, by Stats. 2021, ch. 11, § 1, eff. Mar. 17, 2021.) The legislation also provided that if the licensee does not request the fee waiver in the manner prescribed, the licensee "shall not be eligible for a fee waiver and shall thereafter pay the license renewal fees, together with any penalties that may be applicable . . . ." (*Id.,* subd. (b)(3).) And, "[t]he department shall not refund any license renewal fees paid before the enactment of this section or the submission of a waiver request by a licensee." (*Id.,* subd. (b)(4).) We point this out only to show that the Legislature has expressly

11

addressed the extent of economic relief to be provided to licensees impacted by the pandemic.

## DISPOSITION

The judgment is affirmed.  The Department shall recover its costs on appeal.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


VIRAMONTES, J.