Filed 4/24/26  Anderson v. State of Cal. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| DION ANDERSON,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>STATE OF CALIFORNIA,<br>        Defendant and Respondent. | C103955<br><br>(Super. Ct. No. 34-2020-00282764-CU-MC-GDS) |

Appellant Dion Anderson[1] attempted to sue the State of California.  Although the clerk of the superior court initially entered a default, the trial court later vacated the entry, finding the State of California had not been properly served.  The court eventually dismissed the lawsuit because Anderson failed to effectuate service within three years.  Anderson now challenges those rulings.  We affirm.

---

[1]     The trial court observed that the complaint identified two plaintiffs, Konanyah Bn Yahlazar and Dion Anderson, and opined that they were likely the same person.  However, it did not need to confirm that opinion, finding "the Court's ruling will apply equally to both as it would if there is only one plaintiff."  Neither party challenges these findings.

1

# BACKGROUND

Anderson filed an action for quiet title and declaratory relief on July 27, 2020. The allegations in the underlying action are not relevant to the instant appeal; we need only recount the procedural history.

The original complaint named the defendant as "Alex Padilla, as the Secretary of the State of California." The Secretary of State demurred. The trial court sustained the demurrer and dismissed the Secretary of State from the action with prejudice. The court also granted Anderson leave to amend his complaint and, on July 7, 2021, Anderson filed a first amended complaint naming the State of California as the defendant.

The register of actions indicates that on August 12, 2021, "Proof of Service of 30-day Summons and Complaint — Personal" was filed. Between August 2021 and January 2022, the trial court rejected Anderson's multiple requests for an entry of default. On March 17, 2022, Anderson filed an amended proof of service and another request for an entry of default. That same day, the clerk entered a default. The record does not contain either the August 12 proof of service or the proof of service amended on March 17.

In 2022, the trial court rejected Anderson's multiple requests for service by publication. The documents associated with these requests do not appear in the record.

On July 10, 2023, Anderson filed proof of service by mail. An attached notation in the register states: "After Substituted Service of Summons and Complaint?: No."

On November 13, 2023, Anderson asked the court to enter a default judgment. The court scheduled a default prove-up hearing for February 20, 2024. On November 15, the Attorney General filed a "Statement." Although the statement does not appear in the record, Anderson's opposition to the statement is included. In this opposition, Anderson

characterized the Attorney General's primary contention as objecting to the lack of summons with the complaint.[2]

On February 20, 2024, the court removed the default prove-up hearing from the calendar.

On March 4, 2024, the court issued a written ruling vacating the clerk's default entered on March 17, 2022, and denying Anderson's request for default judgment. The court found, "Despite the clerk's entry of default, the court lacks jurisdiction to render a default judgment at this time. Neither the proof of service filed on August 12, 2021 nor the amended proof of service filed on March 17, 2022 establishes jurisdictional service of a summons. Indeed, a review of the register of actions discloses that no summons has yet been issued in this case." The court explained that the August 2021 proof of service was defective for several reasons, including the fact that it did not affirmatively show that a summons was served and that the party identified for the purposes of service, "the 'Sacramento Attorney General,' " "is not party to this action." Further, the court noted that the person served on behalf of the party, "Maldanado, Security Officer," was not the Attorney General as required under Government Code section 955.4. Finally, the court noted that the declaration attached to the proof of service indicated that the documents were mailed to an address different than the place the documents were left.

The court further found that the March 2022 amended proof of service identified the State of California as the relevant party but noted the person served on behalf of the party was still the security officer, not the Attorney General, and the proof of service did not include a certificate of mailing.

---

[2] The trial court found the Attorney General's statement did not qualify as a general appearance under Code of Civil Procedure section 410.50 "because the statement does not indicate the State of California's participation in this action in a manner that recognizes this court's jurisdiction." Anderson does not challenge this ruling.

On October 14, 2024, Anderson made his first request for a summons, which was issued that day.

Anderson served the summons and complaint on the Attorney General on December 5, 2024, and the Attorney General, on behalf of the State of California, moved to dismiss the complaint for failure to serve a summons within three years. The trial court agreed that service was beyond the three-year statutory period for both the original and amended complaints and dismissed the complaint.

Anderson filed a timely notice of appeal.

## DISCUSSION

### I. Applicable Law Regarding Service

The Code of Civil Procedure[3] specifies the various methods by which service of a complaint and summons may be made upon defendants who are sued. " 'A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action' [citation], and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law." (*Mannesmann DeMag, Ltd. v. Superior Court* (1985) 172 Cal.App.3d 1118, 1122.) Some acceptable forms of service of process are as follows.

Personal service is accomplished "by personal delivery of a copy of the summons and of the complaint to the person to be served." (§ 415.10.) A defendant may also be personally served by delivering a copy of the summons and complaint to an agent authorized to accept service on behalf of that defendant. (§ 416.90; *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 389.) For example, when a defendant is a public entity, the plaintiff may have the summons served on "the clerk, secretary, president, presiding officer, or other head of its governing body." (§ 416.50,

---

[3]     Undesignated statutory references are to the Code of Civil Procedure.

subd. (a).)  A plaintiff suing the State of California must serve the summons on the Attorney General.  (Gov. Code, § 955.4, subd. (a).)

In lieu of personal delivery of a copy of the summons and complaint to the person to be served, section 415.20 provides a method for substituted service that requires two coordinated acts:  leaving a copy of the summons and complaint at an address designated by statute and also mailing a copy of the summons and complaint by first class mail to the person to be served at the place where a copy of the summons and complaint were left.  (§ 415.20, subd. (a).)

In general, "[a]fter a summons has been served on a person, proof of service of the summons … shall be filed."  (§ 417.30.)  "[T]he filing of a proof of service creates a rebuttable presumption that the service was proper" but only if it "complies with the statutory requirements regarding such proofs."  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441-1442.)  "[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction."  (*Id.* at p. 1444.)  Without proper service of process, a court lacks jurisdiction over a party.  (See *Abers v. Rohrs* (2013) 217 Cal.App.4th 1199, 1206 ["The obligation to serve a party with process is not coextensive with merely providing the party with *notice* of the proceeding.  Even undisputed *actual* notice of a proceeding does not substitute for proper *service* of the petition or complaint"].)

However, where service of the summons is defective, the trial court will still have jurisdiction over a defendant who makes a general appearance in the case.  (§ 410.50, subd. (a); *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1147.)  A defendant makes a general appearance if they take part in the action in some way that recognizes the authority of the court to proceed and essentially consents to the court's jurisdiction in the matter.  (*ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 210.)

5

*II. Analysis*

Anderson contends the trial court erred in vacating the clerk's entry of default and in dismissing the complaint. The record before us demonstrates that Anderson served the Attorney General, on behalf of the State of California, for the first time in December 2024, well after the initial entry of default and over three years after he named the State of California in his complaint. As we explain, this late service not only precluded the entry of a default judgment but also proved fatal to his suit against the state.

A. The trial court properly vacated the entry of default.

Anderson acknowledges he served the Attorney General in December 2024. He contends, however, that the court erred in vacating the clerk's default entry without a hearing, thus violating his right to due process. Had the court provided him an opportunity to be heard, Anderson claims, he could have explained "why service of a summons … was not necessary to confer personal jurisdiction" over the State of California. In particular, he contends that the general appearance by the Secretary of State "waived the service of summons argument." Anderson alternatively contends that service was properly conducted on a security guard and the court erred in finding otherwise. We disagree.

1. No hearing was required to correct the clerk's erroneous entry.

" 'The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in "property" or "liberty." [Citations.] Only after finding the deprivation of a protected interest do we look to see if the State's procedures comport with due process.' (*American Mfrs. Mut. Ins. Co. v. Sullivan* (1999) 526 U.S. 40, 59; [citation])." (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 214.) Given the administrative nature of the clerk's entry and the resulting error, due process is not implicated here.

After a defendant has been served with a summons and complaint and the time to file an answer has expired, "the clerk, upon written application of the plaintiff, shall enter

6

the default of the defendant. The plaintiff thereafter may apply to the court for the relief demanded in the complaint. The court shall hear the evidence offered by the plaintiff, and shall render judgment in the plaintiff's favor for that relief." (§ 585, subd. (b).) Thus, there are two distinct stages in a default proceeding: the clerk's entry of default and the entry of default judgment.

" 'Where a clerk purports to enter a default … prematurely, or otherwise exceeds the limited power conferred upon him by the statute, there is an entire absence of jurisdiction and his action … is a nullity and open to attack at any time.' " (*Lewis v. Le Baron* (1967) 254 Cal.App.2d 270, 277.) As relevant here, "[t]he clerk has no authority to enter the default of a defendant in the absence of valid proof of service of summons" and where the void character of the entry of the default appears on the face of the record, it is "the duty of the court upon application of the party or of its own motion to vacate the void entry of the default." (*Woods v. Stallworth* (1960) 177 Cal.App.2d 517, 520-521; see also § 585, subd. (b).)

The trial court's order setting aside a default will not be disturbed absent a showing of clear abuse of discretion. (See *Yarbrough v. Yarbrough* (1956) 144 Cal.App.2d 610, 614.)

Here, the court clerk had no authority to enter the default in March 2022. As noted, the clerk's power and authority to enter a default is conferred by section 585, which is expressly limited to cases in which the defendant had been served. The trial court found, and we agree, that "the register of actions discloses that no summons ha[d] yet been issued in this case." Since there was no service of process upon which the default entry was based, the clerk had no power to enter it, and the clerk's act in doing so was void. Because Anderson had no protected interest in the clerk's unauthorized entry of default and was not in jeopardy of a serious loss (as there was no default *judgment* rendered), he has not demonstrated he had a due process right to a hearing. (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education, supra*, 57 Cal.4th at p. 212

7

[" 'The essence of due process is the requirement that "*a person in jeopardy of serious loss* [be given] notice of the case against him and opportunity to meet it" ' " (italics added)].) Before ruling on a request for default judgment, the court has authority to set aside a default erroneously entered, which occurred here. (See *Brue v. Al Shabaab* (2020) 54 Cal.App.5th 578, 586-587 [a court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant]; *Lee v. An* (2008) 168 Cal.App.4th 558, 564 ["if a defendant is not validly served with a summons and complaint, the court lacks personal jurisdiction and a default judgment in such action is subject to being set aside as void"].)

Nevertheless, Anderson cites *Brue v. Al Shabaab, supra*, 54 Cal.App.5th 578, in support of his argument that the court was required to afford him an opportunity to respond before vacating the default, but *Brue* is inapplicable here. In *Brue*, the court found that a state court can review sua sponte its jurisdiction over a defendant and that the court must afford the plaintiff the opportunity to be heard *when dismissing an action*. (*Id.* at p. 587.) Here, however, the trial court did not dismiss an action when it vacated the clerk's entry of default. Rather, the court merely corrected a void order, which does not implicate the same due process rights as dismissing an action. Therefore, the court did not err in failing to hold a hearing.[4]

---

[4]     We also note that, in general, "due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (*Brown v. City of Los Angeles* (2002) 102 Cal.App.4th 155, 174.) Here, prior to the court's act of vacating the clerk's default entry, Anderson filed an opposition to the Attorney General's statement and made several contentions as to why the Attorney General's complaint about a lack of summons should not deny him entry of a default judgment. Thus, it appears Anderson had an opportunity to be heard on the issue of service.

8

2. Anderson never served a summons to the State of California.

Anderson also claims the court erred when it found that service on the security officer was improper.[5] In support, he relies on *American Express Centurion Bank v. Zara, supra*, 199 Cal.App.4th 383. In that case, the court held a defendant may be personally served by delivering a copy of the summons and complaint to an agent authorized to accept service on behalf of that defendant. (*Id*. at p. 389.) But here, Anderson provides no authority to support his contention that the security officer is an authorized agent for the State of California. (See *People ex rel. Reisig v. Acuna* (2010) 182 Cal.App.4th 866, 873 ["A point not argued or supported by citation to authority is forfeited"].) To sue the State of California, a public entity, Anderson must have served the clerk, secretary, or the Attorney General himself; not a security guard. (Code Civ. Proc., § 416.50, subd. (a); Gov. Code, § 955.4.)

Anderson further contends that the trial court had jurisdiction over the State of California because the Secretary of State waived improper service by making a general appearance. He is incorrect.

First, "California's state agencies are distinct and separate governmental entities." (*Carian v. Department of Fish & Wildlife* (2015) 235 Cal.App.4th 806, 817; see also *People ex rel. Lockyer v. Superior Court* (2004) 122 Cal.App.4th 1060, 1078 ["Each agency or department of the state is established as a separate entity, under various state laws or constitutional provisions"].) Thus, even if the Secretary of State's appearance " 'operate[d] as a consent to jurisdiction' " for itself and constituted a general appearance

---

[5]     The trial court's decision to vacate the entry of default was based on the lack of summons on the Attorney General. The court also noted various defects in the proofs of service that Anderson filed with the court, including the difference between where the complaint was left and where it was mailed. The court noted that "[a]t best, it would only be the *first step* toward substituted service … ." (Italics added.) Contrary to Anderson's contention, the trial court did not imply the substitution of service was *required*, it only pointed out the defects in that method of service, if that was the intent.

(*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.*, *supra*, 114 Cal.App.4th at p. 1145; see *id.* at p. 1148), this had no impact on the State of California.  The appearance of one agency does not constitute an appearance by all agencies.  (See, e.g., *Carian*, at p. 817 [notice to one agency does not constitute notice to all]; *Lockyer*, at p. 1078 [because agencies are distinct and separate governmental entities, discovery had to be obtained from each one]; *Brock v. Fouchy* (1946) 76 Cal.App.2nd 363, 371 ["The appearance of [the defendant] by the filing of a demurrer was not a general appearance on behalf of any other defendant"].)

This is especially true where the State of California was not a party to the suit at the time of the Secretary of State's appearance.  The Secretary of State was dismissed from the action with prejudice in February 2021 and Anderson did not amend his complaint to name the State of California as a defendant until several months later.  Anderson offers no authority, and we are aware of none, for the proposition that the Secretary of State's appearance may be imputed to the state as a future defendant who was not a party to the lawsuit, at either the time of the Secretary of State's appearance and dismissal from the suit.  (Cf. *Tidwell v. Henricks* (1954) 124 Cal.App.2d 64, 66 [" 'The filing of an amended complaint … superseded the original complaint, and the original complaint is dropped out of the case and ceased to have any effect as a pleading or as a basis for a judgment' " (italics omitted)].)

Therefore, the Secretary of State's general appearance has no effect on the court's jurisdiction over the State of California.

B.  The trial court properly dismissed the complaint.

Section 583.210, subdivision (a) requires "the summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant.  For the purpose of this subdivision, an action is commenced at the time the complaint is filed."  *Each* defendant must be served a summons within three years of

being added to the complaint.  (See *Elling Corp. v. Superior Court* (1975) 48 Cal.App.3d 89, 96.)

Section 583.250 provides:  "(a) If service is not made in an action within the time prescribed in this article:  [¶]  (1) The action shall not be further prosecuted and no further proceedings shall be held in the action.  [¶]  (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties.  [¶]  (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

A trial court's ruling on a contested motion to dismiss under section 583.250 is often reviewed for an abuse of discretion.  (See *Busching v. Superior Court* (1974) 12 Cal.3d 44, 53 [addressing predecessor to § 583.250]; *Republic Corp. v. Superior Court* (1984) 160 Cal.App.3d 1253, 1258.)

Here, Anderson filed the first amended complaint naming the State of California as a defendant on July 7, 2021.  When a new party is added to the action, the action commences as to that party for purposes of the time limit for service on the date of filing of the pleading naming the new party.  (*Nelson v. A. H. Robins Co.* (1983) 149 Cal.App.3d 862, 866.)  Anderson served a summons and complaint on the defendant, for the first time, on December 5, 2024.  This is well beyond the three-year limit.

Nevertheless, Anderson contends the trial court erred in dismissing the complaint for failure to serve the summons within three years because the amended complaint relates back to the original complaint and the Secretary of State's appearance waived any defect in service.

First, Anderson forfeited this argument because we see no indication he raised the claim in the trial court.  "It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue."  (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489.)

11

Next, contrary to Anderson's contention, the three-year time limit is not excused by the "relation-back doctrine." "California courts have established the rule that an amended complaint relates back to the filing of the original complaint, and thus avoids the bar of the statute of limitations, so long as recovery is sought in both pleadings on the same general set of facts." (*Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 934.) But as a general rule, " 'an amended complaint that adds a new defendant does *not* relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed.' " (*Hawkins v. Pacific Coast Bldg. Products, Inc.* (2004) 124 Cal.App.4th 1497, 1503.) Therefore, the action only " 'commences as to him … on the date of filing of the pleading naming him as a new party.' " (*Barrington v. A. H. Robins Co.* (1985) 39 Cal.3d 146, 150.) Anderson has not persuaded us as to why this general rule does not apply here, where the State of California was added as a new defendant months after the Secretary of State was dismissed from the lawsuit.

Anderson cites to *River's Side at Washington Square Homeowners Assn. v. Superior Court* (2023) 88 Cal.App.5th 1209 (*River's Side*) as support for this contention that the Secretary of State's appearance is attributed to the State of California under the relation-back doctrine. But *River's Side* does not stand for such a proposition nor is it factually similar. In *River's Side*, the plaintiff was a homeowners association that brought suit against a developer for construction defects. The defendants demurred to several causes of action asserted against them, arguing a homeowners association lacked standing to sue on behalf of its members for defects in residential units that it does not own and has no obligation to repair. The trial court sustained the demurrer without leave to amend, finding that the plaintiff lacked standing. (*Id.* at p. 1218.)

On appeal, the plaintiff challenged the trial court's ruling and alternatively argued it should have been granted leave to amend to cure any standing defect by alleging that its members assigned it their rights against the defendants, and that it was suing as the

12

assignee of its members. (*River's Side, supra*, 88 Cal.App.5th at pp. 1225, 1239.) The defendants argued that the trial court properly denied leave to amend because even if the proposed amendments cured the standing defect, the assigned claims would be barred by the statute of limitations because the amendment would not relate back to the original complaint. (*Id*. at pp. 1240-1241.) A different panel of this court disagreed. This court noted that an amended complaint relates back to the original complaint if it rests on the same general set of facts as the original complaint, and that "[a]n amendment that 'chang[es] nothing other than the identity of the plaintiff, would clearly pass the modern "same general set of facts" test.' " (*Id*. at p. 1241.) This court reasoned that because the law allows a plaintiff to amend his or her complaint to sue in his or her representative rather than individual capacity without stating a new cause of action, "[w]e see no reason this same rule would not also allow Plaintiff to amend its complaint to sue as the assignee of its members rather than as the representative of its members." (*Ibid*.)

The instant case is wildly different. Here, Anderson did not seek to amend his own capacity to sue. Nor did he seek to amend the legal status of any other existing party to the suit. Rather, he amended the complaint to allege an entirely new defendant who had no prior notice of his claims. *River's Side* did not involve such an amendment much less address whether the relation-back doctrine applies to such a situation. In short, *River's Side* does not implicate or modify the general rule that an amended complaint that adds a new defendant does not implicate the relation-back doctrine. Although Anderson notes that he argued the applicability of other exceptions to the statute of limitations in the trial court, he does not raise those arguments on appeal. He cites to his entire "Opposition to Notice of Motion to Dismiss For Failure to Serve Summons Within Three Years" filed with the trial court, but does not specify which, if any, of the arguments he is raising on appeal. Since it is Anderson's responsibility to cite to the record and clearly raise issues in the argument of his opening brief, any argument regarding exceptions to the statute of limitations is forfeited. (See *In re Marriage of Carlisle* (2021)

13

60 Cal.App.5th 244, 255 ["Defendant's argument is not fully developed and is not supported by citation to any authority. 'The absence of cogent legal argument or citation to authority allows this court to treat the contentions as' forfeited"].)

## DISPOSITION

The judgment is affirmed. Each party shall bear its own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
EARL, P. J.

We concur:

/s/
DUARTE, J.

/s/
WISEMAN, J.*

---

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.